## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUIS R. ORTIZ,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:07-0208** |
| v. | : | (CALDWELL, D.J.) |
| | | (MANNION, M.J.) |
| **DEPARTMENT OF CORRECTIONS,** | : | |
| **NURSE NANCY, MEDICAL** | | |
| **DEPARTMENT, SGT. CEASE,** | : | |
| **CO BENFIELD,** | | |
| | : | |
| **Defendant** | | |

## REPORT AND RECOMMENDATION

Before the court is the plaintiff's complaint. The court has preliminarily considered the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)[1] and, for the following reasons, recommends that the complaint be dismissed as against defendants Department of Corrections and Medical Department.

The plaintiff, an inmate at the State Correctional Institution at Camp Hill, Pennsylvania, filed this suit pursuant to 42 U.S.C. §1983 on February 2, 2007, alleging violations of his civil rights by the three individual defendants and the two institutional defendants.[2] Section 1983 creates no substantive rights, but

---

[1]This provision provides:
[T]he court shall dismiss the case at any time if the court determines that– . . .
(B) the action or appeal--
(I) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

[2]The plaintiff, on the standard form used by prisoners to file suit in this court, noted that the suit is undertaken pursuant to 28 U.S.C. § 1331 against

rather allows a plaintiff to vindicate violations of rights created by the U.S. Constitution or federal law. Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979); Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). A §1983 claim may only be brought against "persons." 42 U.S.C. §1983. States and their derivative governmental institutions, including the DOC, prisons, and prison medical departments, are not "persons" for purposes of a civil rights action. Will v. Michigan Dep't of State Police, 491 U.S. 58, 64, 70 (1989) (states and their derivative entities); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690, n.54 (1978) (same); Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (per curiam) (prisons); Curtis v. Everette, 489 F.2d 516, 521 (3d Cir. 1973) (Pennsylvania and DOC); see Meyers v. Schuylkill County Prison, 2006 WL 559467, at *8 (M.D. Pa. 2006) (not reported) (collecting cases on prisons and prison medical units); Reynolds v. Lackawanna County Prison, 2006 WL 1896178, at * 1 (M.D. Pa. 2006) (not reported) (same).

Accordingly, the court finds that the plaintiff has no viable claim against defendants Department of Corrections and Medical Department because they are not persons within the meaning of §1983.

---

Federal officials, but that is clearly erroneous because the plaintiff is a prisoner in state custody and is suing state officials.

On the basis of the foregoing, **IT IS RECOMMENDED THAT** the plaintiff's complaint be dismissed as against defendants Department of Corrections and Medical Department pursuant to 28 U.S.C. § 1915(e)(2)(B).

s/  Malachy E. Mannion
**MALACHY E. MANNION**
**United States Magistrate Judge**

Date: February 23, 2007
O:\shared\REPORTS\2007 Reports\07-0208.01.wpd