**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LUIS R. ORTIZ, | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:07-0208 |
| v. | : | (CALDWELL, D.J.) |
| | | (MANNION, M.J.) |
| NURSE NANCY, SGT. LUCUS, and CO BENFIELD, | : | |
| | : | |
| Defendants | | |

**REPORT AND RECOMMENDATION**

Before the court is an unopposed motion to dismiss, filed by defendants Nurse Nancy and CO Benfield. (Doc. No. 21). For the following reasons, it is recommended that the defendants' partial motion to dismiss be granted in part and denied in part.

**I.   Procedural History**

The plaintiff, an inmate currently incarcerated at the State Correctional Institution ("SCI") at Forest, Pennsylvania, filed a complaint pursuant to 42 U.S.C. §1983 on February 2, 2007. (Doc. No. 1). The plaintiff, proceeding pro se, alleges that while incarcerated at SCI-Camp Hill, he was denied proper medical care, was denied a meal, and was later forced to eat his meals in an unsanitary cell. Id. The defendants timely waived service of summons and filed the instant motion to dismiss on July 13, 2007.[1] (Doc. No. 21). A brief

---

[1] The Pennsylvania Department fo Corrections and the SCI-Camp Hill Medical Department, both of which were originally named as defendants, were dismissed by order of the court on March 22, 2007. (Doc. No. 11). Sgt. Lucus was substituted as a defendant for "Sgt. Ceese" by order dated August 1, 2007. (Doc. No. 24). Although a summons was issued as to defendant Lucus on August 21, 2007, defendant Lucus has not joined in the motion to

in support of their motion was filed on July 27, 2007. (Doc. No. 23). As of the date of this Report and Recommendation, the plaintiff has failed to file a brief in opposition to the defendants' motion. Pursuant to Middle District of Pennsylvania Local Rule 7.6, the motion is deemed unopposed.[2] This court must, however, give the motion a merits review in accordance with Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991) (holding that a dismissal of a pro se action without a merits analysis is improper when based solely on noncompliance with a local rule requiring the plaintiff to respond to a motion to dismiss).

## II.   Standard of Review

The defendants' motion to dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Review of a motion to dismiss is limited to the face of the plaintiff's complaint, whereby the court must accept all factual allegations as true and draw all reasonable inferences therefrom in the plaintiff's favor. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)); NAPA Transp., Inc. v. Travelers Prop. Cas., No. 06-cv-1866, 2006 U.S. Dist. LEXIS 84166,

---

dismiss.

[2] Local Rule 7.6 provides, in relevant part: "Any party opposing any motion shall file a responsive brief . . . within fifteen (15) days after service of the movant's brief . . . . Any respondent who fails to comply with this rule shall be deemed not to oppose such motion."

at *4 (M.D. Pa. Nov. 20, 2006). A court may also consider the exhibits attached to the complaint, matters of public record, and "undisputably authentic" documents which the plaintiff has identified as the basis of his or her claim. Delaware Nation v. Pennsylvania, 446 F.3d 410, 413 n.2 (3d Cir. 2006) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

To prevail on a Rule 12(b)(6) motion, the defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. Martella v. Wiley, No. 06-cv-1702, 2007 U.S. Dist. LEXIS 28242, at *9 (M.D. Pa. Apr. 17, 2007) (citing Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000)); see also F. R. Civ. P. 12(b)(6). Under the federal notice pleading standard, "a complaint requires only 'a short and plain statement' to show a right to relief, not a detailed recitation of the proof that will in the end establish such a right." Pryor v. NCAA, 288 F.3d 548, 564 (3d Cir. 2002) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)); F. R. Civ. P. 8(a)(2). Because of this liberal pleading policy, a court should not grant dismissal unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Trump Hotel & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998) (holding that dismissal is appropriate "only if . . . no relief could be granted under any set of facts consistent with the allegations of the complaint"); accord Martella, 2007 U.S. Dist. LEXIS at *8.

**III.   Discussion**

In his complaint, the plaintiff alleges that on January 7, 2007, while being transported to SCI-Camp Hill, he fell from the van and injured his left wrist. (Doc. No. 1 p. 2). The plaintiff alleges that "the white shirt on duty would not help [him] get up," and that he was told that a nurse would see him later. Id. The next day, the plaintiff asserts that he tried to get defendant Benfield's attention because he needed to see a nurse, yet instead, defendant Benfield allegedly took away the plaintiff's dinner tray because the plaintiff was complaining. Id. In addition, the plaintiff was allegedly forced to sleep on the top bunk for eight days and eat his meals in an unsanitary cell.[3] Id. p. 3.

In support of their motion to dismiss, the defendants argue that the Eleventh Amendment bars the plaintiff's complaint against them in their official capacities. (Doc. No. 23 p. 5). The Eleventh Amendment precludes federal court jurisdiction over suits by private parties against states or their agencies unless sovereign immunity has expressly been waived. United States v. Mitchell, 445 U.S. 535, 538 (1980); United States v. Testan, 424 U.S. 392, 399 (1976). By statute, the Commonwealth of Pennsylvania has specifically

---

[3] It should be noted that the plaintiff admits he has failed to complete the grievance procedure regarding the claims he raises in his complaint. (Doc. No. 1 p.1). He alleges that he was unable to do so because his housing unit officers ignored his request for grievance forms. Id. However, the defendants do not move for dismissal of the complaint for failure to exhaust at this stage of the proceedings. In fact, because it is an affirmative defense that must be plead, failure to exhaust may be appropriate for review at a later time.

4

withheld its consent to be sued. See 42 Pa. Cons. Stat. Ann. § 8521(b) (2007); see also Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981). The doctrine of sovereign immunity also extends to a state official in his or her official capacity because "it is not a suit against the official but rather is a suit against the official's office.  As such it is no different from a suit against the State itself." Garden State Elec. Inspection Servs. v. Levin, 144 F. App'x 247, 251 (3d Cir. 2005) (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)).  However, the Eleventh Amendment does not preclude a suit against a state official acting in his or her individual, or personal capacity.  Hafer v. Melo, 502 U.S. 21, 31 (1991); Ex parte Young, 209 U.S. 123, 159-60 (1908); Koslow v. Pennsylvania, 302 F.3d 161, 168 (3d Cir. 2002). The Supreme Court distinguished the two kinds of capacities as follows:

> [O]fficial-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." . . . Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, "the entity's 'policy or custom' must have played a part in the violation of federal law." For the same reason, the only immunities available to the defendant in an official-capacity action are those that the governmental entity possesses. Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law. Thus, "on the merits, to establish personal liability in a §1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right."  While the plaintiff in a personal-capacity suit need not establish a connection to governmental "policy or custom," officials sued in their personal capacities, unlike those sued in their official capacities, may assert personal immunity defenses such as objectively reasonable reliance on existing law.

5

Hafer v. Melo, 502 U.S. 21, 25 (1991) (internal citations omitted) (holding that state officials sued in their individual capacity were "persons" within the meaning of §1983 and that the Eleventh Amendment did not bar such suits); see also Gregory v. Chehi, 843 F.2d 111, 120 (3d Cir. 1988). Here, the Eleventh Amendment clearly bars suit against the defendants in their official capacity.

In this action, the plaintiff does not specifically identify the capacity in which the defendants are being sued. Where a pleading is ambiguous, the Third Circuit has employed a "course of pleadings" test, looking at the complaint and the course of proceedings to determine the nature of liability. Garden State Elec. Inspection Servs. v. Levin, 144 F. App'x 247, 251 (3d Cir. 2005) (citing Melo v. Hafer, 912 F.2d 628, 636 (3d Cir. 1990)). Bearing in mind that this court must liberally construe pro se pleadings, Haines v. Kerner, 404 U.S. 519, 520 (1972); Brow v. Farrelly, 994 F.2d 1027, 1036-37 (3d Cir. 1993), after applying a "course of pleadings" test to the instant complaint, it appears that the complaint can reasonably be construed as a suit against defendants CO Benfield and Nurse Nancy in their individual capacity. The motion to dismiss should therefore be granted as to defendants CO Benfield and Nurse Nancy in their official capacity, but should be allowed to proceed against the defendant Benfield in his individual capacity.[4]

---

[4] Although defendant Lucus did not join in this motion to dismiss, his liability cannot be alleged in his official capacity for the same reasons set forth above. Therefore, to the extent that the plaintiff intended to do so, the suit against Lucus in his official capacity should be dismissed, but may proceed

6

With respect to defendant Nurse Nancy, however, the motion to dismiss should also be granted in her individual capacity because the plaintiff has failed to state a claim against her. The defendants correctly argue that a plaintiff must prove that a defendant was personally involved in the alleged violation. (Doc. No. 23 p. 6); see Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs."). In order to state a claim that prison authorities provided inadequate medical care in violation of his civil rights, a plaintiff must allege acts or omissions on the part of all named defendants that evidence "deliberate indifference to [his] serious medical needs." Neitzke v. Williams, 490 U.S. 319, 321 (1989) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)); see also Monmouth County Corr. Inst'l Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); Cropps v. Chester County Prison, 2001 U.S. Dist. LEXIS 357, at *4 (E.D. Pa. Jan. 19 2001). Yet none of the plaintiff's allegations establish that Nurse Nancy was responsible for, or even aware of, his medical concerns; rather, he only lists her as a defendant who was employed as a medical supervisor at SCI-Camp Hill. (Doc. No. 1 p. 2). Moreover, while personal involvement can be shown if a supervisor directed the actions of others or actually knew of the actions and acquiesced in them, "liability cannot be predicated solely on the operation of respondeat superior." Dellarciprete, 845 F.2d at 1207. Accordingly, due to the absence of any indication that Nurse Nancy was personally involved in the violation of the

---

against defendant Lucus in his individual capacity.

7

plaintiff's rights, the motion to dismiss as to those claims against her should be granted.

### IV.  Conclusion

For the foregoing reasons, **IT IS HEREBY RECOMMENDED THAT:**

1) the defendants' motion to dismiss, **(Doc. No. 21)**, be **GRANTED** as to the Defendants Benfield and Lucus in their <u>official</u> capacity only, and proceed, at this stage of the litigation against them in their individual capacity.

2) the defendants' motion to dismiss, **(Doc. No. 21)**, be **GRANTED** in its entirety, as to the Defendant Nurse Nancy and she be dismissed from the action.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

Date: December 14, 2007
O:\shared\REPORTS\2007 Reports\07-0208.02.wpd