```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

LUIS R. ORTIZ,                        :
         Plaintiff
                                      :

         vs.                          :   CIVIL NO. 1:CV-07-0208

                                      :
NURSE NANCY,
SGT. CEASE,                           :
CO BENFIELD,
         Defendants                   :


*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

      We are considering Plaintiff's Objections (doc. 39) to the Report and Recommendation of the Magistrate Judge (doc. 37), filed December 14, 2007.  We will adopt the Report with the exception of its recommendation that we dismiss Plaintiff's claim against Nurse Nancy in her individual capacity.  Instead, we will grant Plaintiff leave to amend the Eighth Amendment claim against Nurse Nancy in her individual capacity.

      The Report discusses Plaintiff's failure to allege any personal involvement on the part of Nurse Nancy.  (doc. 37, pp. 7-8).  Plaintiff's objections (doc. 39) and the exhibit attached to his complaint (doc. 2) appear to allege that Nurse Nancy did not provide proper medical care for a shoulder injury Plaintiff suffered during his transfer from SCI-Graterford to SCI-Camp Hill.  *See* doc. 39, p. 2.  Plaintiff also describes a visit to

Nurse Nancy on January 25, 2007, as well as her denial of his request to move closer to the chow hall.  (doc. 2, ¶ 7). Finally, Plaintiff contends that Nurse Nancy informed Lucus that Plaintiff, due to his physical condition, could not be placed in the same cell with a handicapped inmate.  (doc. 39, p. 4). Based on these allegations, we are satisfied that Plaintiff has alleged sufficient personal involvement by Nurse Nancy.

Plaintiff has not, however, properly pleaded an Eighth Amendment claim against Nurse Nancy.  The Eighth Amendment proscribes deliberate indifference to a prisoner's serious medical needs.  *Monmouth County Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)).  A prison official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994).  Deliberate indifference may occur if, for example: (1) officials have knowledge of the need for medical care and intentionally refuse to provide it, (2) necessary medical treatment is delayed for non-medical reasons, (3) prison officials prevent an inmate from receiving recommended medical treatment, (4) prison officials' denial of reasonable requests for medical treatment exposes the inmate to

undue suffering "or the threat of tangible residual injury," or (5) prison officials impose arbitrary and burdensome procedures resulting in interminable delays or denial of medical care for inmates. *Lanzaro*, 834 F.2d at 346. Neither disagreement as to proper medical treatment nor allegations of malpractice by prison medical officials are sufficient. *Id*.

A "serious medical need" encompasses a two-pronged test. The first prong requires a showing that the failure to treat the prisoner's condition could lead to "substantial and unnecessary suffering, injury, or death." *Colburn v. Upper Darby Township*, 946 F.2d 1017, 1023 (3d Cir. 1991). Second, the prisoner must show either that the condition was diagnosed by a physician as requiring treatment or that the condition is so obvious that a lay person would realize the need for medical attention. *Id*.

In his objections to the Report, Plaintiff generally refers to Nurse Nancy's failure to provide the "proper or adequate medical attetion [sic] which the plaintiff needed" for a shoulder injury. (doc. 39, p. 2). Plaintiff's allegations, however, do not address the requirements for showing a "serious medical need" or circumstances which might constitute deliberate indifference by Nurse Nancy.

Plaintiff, who is proceeding in forma pauperis, is subject to the provisions of the Prison Litigation Reform Act, specifically section 804(a)(5), codified at 28 U.S.C. §

3

1915(e)(2). At any time, we may dismiss Plaintiff's claim if, among other things, Plaintiff fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). In a civil rights action where the plaintiff proceeds in forma pauperis, however, we must provide leave to amend prior to granting a motion to dismiss unless doing so would be inequitable or futile. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Therefore, Plaintiff shall have thirty (30) days from the date of this order to submit an amended complaint with respect to the Eighth Amendment claim against Nurse Nancy in her individual capacity. The amended complaint should set forth allegations regarding Nurse Nancy's conduct, specifically any claim of deliberate indifference, as well as the circumstances of Plaintiff's shoulder injury as required for Eighth Amendment claims. If Plaintiff fails to file an amended complaint stating an Eighth Amendment claim, we will dismiss the claim against Nurse Nancy.

AND NOW, this 14th day of February, 2008, upon consideration of the Report and Recommendation of the Magistrate Judge (doc. 37), filed December 14, 2007, and Plaintiff's objections (doc. 39), it is ordered that:

    1. The Report of the Magistrate Judge is adopted in part;

    2. Defendants' motion to dismiss (doc. 21) is granted as to Defendants Benfield and Lucus in their official capacity only, and Plaintiff's claims shall proceed against them in their individual capacity;

4

    3. Defendants' motion to dismiss is granted as to Nurse Nancy in her official capacity only;

    4. Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint with respect to his Eighth Amendment claim against Nurse Nancy in her individual capacity;

    5. If Plaintiff fails to file an amended complaint within thirty (30) days from the date of this Order, his Eighth Amendment claim against Nurse Nancy shall be dismissed;

    6. Plaintiff's "Motion to Correct Recorder [sic]" (doc. 41) is granted;

    7. The case is remanded to the Magistrate Judge for further proceedings.

                                  <u>/s/William W. Caldwell</u>
                                    William W. Caldwell
                                    United States District Judge