**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LUIS R. ORTIZ,** : | |
|     **Plaintiff** : | **CIVIL ACTION NO. 1:07-0208** |
| **v.** : | **(CALDWELL, D.J.)** |
| **NURSE NANCY, SGT. LUCUS,** : | **(MANNION, M.J.)** |
| **and CO BENFIELD,** : | |
|     **Defendants** : | |

# ORDER

The plaintiff, an inmate currently incarcerated at the State Correctional Institution ("SCI") at Forest, Pennsylvania, filed a complaint pursuant to 42 U.S.C. §1983 on February 2, 2007. (Doc. No. 1). In his complaint, the plaintiff alleges that on January 7, 2007, while being transported to SCI-Camp Hill, he fell from the van and injured his left wrist. (Doc. No. 1 p. 2). The plaintiff alleges that "the white shirt on duty would not help [him] get up," and that he was told that a nurse would see him later. Id. On July 13, 2007, the defendants filed a motion to dismiss, (Doc. No. 21), which was unopposed. On December 14, 2007, this court recommended that the defendants' motion to dismiss be granted as to defendants Benfield and Lucus in their official capacities only, and granted as to defendant Nurse Nancy in both her official and individual capacity. (Doc. No. 37). On February 14, 2008, the district court ordered the plaintiff to file an amended complaint with respect to his Eighth Amendment claim against Nurse Nancy in her individual capacity. The plaintiff filed a Motion to Amend Complaint, (Doc. No. 46), with allegations of

personal involvement against Nurse Nancy, on March 17, 2008.[1] (Doc. No. 46).

Pending before the court is the plaintiff's Motion to Amend Defendants. (Doc. No. 44).  Specifically, the plaintiff requests to join a defendant, Lieutenant John Doe, to the instant case.  The plaintiff alleges that on January 8, 2007, as he was exiting the bus at SCI-Camp Hill, he told Lt. Doe that he could not walk straight because he has polio, but Lt. Doe responded, "This is my jail, and we are not going to start nothing new."  Id.  The plaintiff further alleges that Lt. Doe exhibited deliberate indifference to his serious medical needs in violation of the Eighth Amendment because the plaintiff then fell to the ground and injured his right shoulder.  Id.

The plaintiff's motion to join Lt. John Doe as a defendant will be denied. Although permissive joinder is allowed under Rule 20(a)(2) of the Federal Rules of Civil Procedure,[2] joinder would be futile because the plaintiff has failed to allege that Lt. Doe was deliberately indifferent to the plaintiff's serious medical needs as a matter of law.  To successfully state a claim for violation of the Eighth Amendment, an inmate must satisfy both an objective and

---

[1] In light of the district court's Order dated February 14, 2008, the plaintiff's motion to amend his complaint will be granted.  The court will await for an answer or other response pleading from the defendant Nurse Nancy.

[2] Rule 20(a)(2) provides, "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).

subjective component: (1) as noted above, the deprivation alleged must be "sufficiently serious"; and (2) the prison official must have acted with "deliberate indifference" to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996). Such "deliberate indifference" is a stringent standard of fault requiring proof that a prison official acted with reckless disregard to a known risk of harm; mere negligence or malpractice does not rise to the level of deliberate indifference. Farmer, 511 U.S. at 835 (noting that "Eighth Amendment liability requires 'more than an ordinary lack of due care for the prisoner's interests or safety'") (internal citation omitted); see also Day v. Fed. Bureau of Prisons, 233 F. App'x 132, 134 (3d Cir. 2007); Beers-Capitol v. Whetzel, 256 F.3d 120, 131 (3d Cir. 2001). In the context of bodily injury, "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" Estelle v. Gamble, 429 U.S. 97, 104 (1976) (internal citation omitted).

Here, the plaintiff has failed to demonstrate that Lt. Doe exhibited deliberate indifference towards him. First, the plaintiff does not allege that he asked for Lt. Doe's assistance in walking; the fact that the plaintiff put Lt. Doe on notice that he is handicapped and has trouble walking in a straight line is not the same as asking for assistance. Lt. Doe was therefore not a cause-in-fact of the plaintiff's alleged shoulder injury. Second, even if Lt. Doe was required to assist the plaintiff with walking, his or her failure to do so does not rise to the level of "unnecessary and wanton infliction of pain" required to

3

satisfy the "deliberate indifference" standard.  See id. Rather, Lt. Doe's behavior, at most, amounted to mere negligence, which is not violative of the plaintiff's Eighth Amendment rights.  See Farmer, 511 U.S. at 835.

For the foregoing reasons, **IT IS HEREBY ORDERED THAT** the plaintiff's Motion to Amend Complaint, **(Doc. No. 46)**, is **GRANTED**, and the Motion to Amend Defendants, **(Doc. No. 44)**, is **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

Date: March 27, 2008

O:\shared\ORDERS\2007 ORDERS\07-0208.05.wpd