## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

LUIS R. ORTIZ,                          :

          **Plaintiff**      :      **CIVIL ACTION NO. 1:07-0208**

          **v.**             :             **(CALDWELL, D.J.)**
                              **(MANNION, M.J.)**

NURSE NANCY, SGT.  LUCUS,    :
and CO BENFIELD,

                          :

          **Defendants.**

## REPORT AND RECOMMENDATION

The plaintiff, a former inmate at Camp Hill filed his complaint on February 2, 2007, alleging violation of his constitutional rights. (Doc. No. 1.)

On March 27, 2008, this Court issued an order, (Doc. No. 50), granting plaintiff's Motion to Amend [his] Complaint, (Doc. No. 46). The Court notes that since that time, this action has remained inactive on the Court's docket. Although the Court granted plaintiff's motion to amend his complaint, plaintiff has yet to actually file an amended complaint. On May 30, 2008 the plaintiff filed a change of address with the Court. (Doc. No. 52.)

This Court on November 12, 2008, after inaction from the plaintiff, set scheduling deadlines, including instructing the plaintiff to file an amended complaint by December 5, 2008. (Doc. No. 53). The plaintiff has not complied with this order.

The plaintiff's failure to comply with this Court's order constitutes a failure to prosecute this action and therefore this action is subject to dismissal

pursuant to Fed. R. Civ. P. 41(b), which states in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

The Third Circuit has long held that Rule 41(b) does not prohibit the *sua sponte* dismissal of actions against a defendant.

> As was said in *Link v. Wabash R.R.*, where the plaintiff argued that F.R.C.P. 41(b) by negative implication prohibits involuntary dismissal except on motion by the defendant, no restriction on the district court's power should be implied:  'The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'

*Kenney v. Cal. Tanker Co.,* 381 F.2d 775, 777 (3d Cir. 1967).

In the instant action, the Court cannot properly control its docket, move this action forward and properly protect the rights of all parties if the plaintiff fails to comply with orders issued by this Court. Moreover, such conduct should not be condoned in light of the large prisoner dockets presently pending before the federal courts, all of which require prompt and thorough review.

Finally, the plaintiff was advised in the Court's most recent order of November 12, 2008 that "Should plaintiff fail to file his amended complaint

within the required time period, or fail to follow the above mentioned procedures, a recommendation will be made to dismiss this action." (Doc. No. 53). The plaintiff's failure to comply with this Court's order, justifies dismissal of his action.

On the basis of the foregoing, **IT IS RECOMMENDED THAT** the instant action be **DISMISSED** pursuant to Fed. R. Civ. P. 41(b) and this Court's inherent powers.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: December 11, 2008**

O:\shared\REPORTS\2007 Reports\07-0208-04.wpd